UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

COLLEEN A. MARCUS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, COLLEEN A. MARCUS, is a citizen of the state of Massachusetts.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 2 -

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the vessel, *Carnival Venezia* ("the vessel").

8. On or about January 19, 2024, Plaintiff was a paying passenger aboard the vessel, which at all times material Defendant operated in navigable waters.

9. On or about January 19, 2024, the Plaintiff was walking by a plexiglass walled walkway on an exterior deck (the Serenity Deck, Deck 15) aboard the vessel when she suddenly and unexpectedly slipped and fell on an unseen wet, slippery and/or hazardous liquid on the floor. As a result, Plaintiff sustained severe injuries.

10. The wet, slippery, and/or hazardous conditions were not open and obvious and not known to Plaintiff or reasonably communicated to the Plaintiff by Defendant at the time of the incident.

## DEFENDANT'S NOTICE

11. At all times material hereto, Defendant knew or should have known that it was reasonably foreseeable for passengers to be injured due to wet, slippery, and/or hazardous liquids on the floor, as it occurred on the date of Plaintiff's incident.

- 3 -

12. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured due to wet, slippery, and/or hazardous liquids on the floor, considering prior incidents occurring on Defendant's vessels. For instance,

   a. On or about September 23, 2023, a passenger (E.H.) slipped and fell on rain water on an exterior deck aboard the Carnival Mardi Gras, causing him to sustain serious injuries.

   b. On or about July 26, 2023, a passenger (G.D.) slipped and fell on a large puddle of water accumulated on an exterior deck area aboard the Carnival Venezia, causing her to sustain serious injuries.

   c. On or about June 20, 2023, a passenger (S.H.) slipped and fell on a wet, slippery and/or hazardous condition while walking on an exterior deck aboard the Carnival Venezia, causing her to sustain serious injuries.

13. At all times material hereto, the Defendant knew or should have known that passengers could suffer severe injury due to wet, slippery, and/or hazardous conditions, including but not limited to, water and/or liquids on the floor, near or on exterior decks (including, but not limited to the Serenity Deck, Deck 15) aboard its vessels after being exposed to the elements, including the subject vessel, and thus this knowledge invited corrective measures from Defendant.

14. At all times material hereto, policies and/or procedures and/or industry standards have been implemented for wet, slippery, and/or hazardous conditions, including but not limited to liquids, on the floor to warn passengers, like the Plaintiff, of possible dangers. These policies and/or procedures and/or industry standards include, but are not limited to, placing caution signs and/or wet floor signs, placing blowers in the area, placing and/or installing anti-slip rugs and/or mats, drying and/or dry mopping the area and maintaining the area dry by way of crewmembers regularly

- 4 -

and frequently monitoring the area, especially and including after drizzling and/or raining outside, and even diverting passengers to a different walkway when wet, slippery, and/or hazardous conditions are present on the floor aboard Defendant's vessels. Based on the implementation of such policies and/or procedures and/or industry standards, Defendant knew or should have known of possible dangers to avoid, including the injury sustained by Plaintiff in the current matter.

15. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

**COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. On or about January 19, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to provide a dry area by the Serenity Deck, Deck 15 area; and/or

    b. Failure to close off the wet, slippery, and/or hazardous areas by the Serenity Deck, Deck 15 area; and/or

   c.  Failure to dry mop and/or dry the flooring on the Serenity Deck, Deck 15 area after rain; and/or

   d.  Failure to provide and/or utilize a reasonably safe walking/flooring surface in light of the anticipated use of the subject area; and/or

   e.  Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall; and/or

   f.  Failure to promulgate and/or enforce adequate policies and/or procedures with regard to preventing slip-and-fall incidents; and/or

   g.  Failure to correct hazardous conditions following prior slip-and-fall incidents on the same or similar decks, and/or type of flooring surface; and/or

   h.  Failure to close off the subject area to keep passengers and Plaintiff away from the hazard; and/or

18. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

19. At all times material hereto, Defendant knew of the foregoing condition(s) causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment

of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

23. On or about January 19, 2024, the Plaintiff was walking through the plexiglass walled walkway on the Serenity Deck, Deck 15, toward the bar aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

24. On or about January 19, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to adequately warn passengers and the Plaintiff of the wet, slippery, and/or hazardous condition of the subject area; and/or

    b. Failure to adequately warn passengers and the Plaintiff of the risks and/or dangers posed by the wet, slippery, and/or hazardous condition of the subject area; and/or

    c. Failure to adequately warn the Plaintiff of the existence of slip-and-fall/hazardous conditions on the walkway and/or flooring, such as wet, slippery and/or hazardous conditions on the floor; and/or

    d. Failure to adequately warn passengers and Plaintiff of other slip and fall accidents previously occurring on the same walkway and/or flooring and/or subject area; and/or

    e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by wet, slippery and/or hazardous conditions on the walkway and/or flooring and/or subject area; and/or

25. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

26. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

27. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject Serenity Deck, Deck 15, in a reasonably safe condition.

30. On or about January 19, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to regularly and adequately inspect the subject area to determine whether it was unreasonably wet, slippery, and/or hazardous; and/or

b. Failure to regularly and adequately maintain the subject walkway and/or flooring and/or subject area in a manner that was dry and clear of any substance and/or liquid and not wet, slippery, and/or hazardous; and/or

c. Failure to regularly and adequately inspect the subject area to determine whether it was free of slip-and-fall hazards; and/or

d. Failure to maintain the subject walkway and/or flooring and/or subject area in a reasonably safe condition in light of the anticipated use of the area; and/or

e. Failure to adequately, timely, and regularly inspect and maintain the walkway and/or flooring and/or subject area in a reasonably safe condition, including, but not limited to, in a manner that was clean and dry and free of any substance, liquids, and/or slip-and-fall hazards; and/or

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and dried and maintained free of slip-and-fall hazards; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject walkway and/or flooring and/or subject area in a reasonably safe condition and free of slip-and-fall hazards.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

32. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or

inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

33. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: November 13, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com